**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **PATENT HARBOR, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**AUDIOVOX CORPORATION, et al.,**<br><br>Defendants. | **Case No. 6:10-cv-00361-LED**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT FUNAI CORPORATION, INC.'S OPPOSITION TO PLAINTIFF PATENT HARBOR'S NOTICE (DKT. NO. 517) CONCERNING MOTION TO STRIKE REPORTS OF THOMAS AND DONALDSON**

On September 13, 2012, Plaintiff Patent Harbor ("Patent Harbor") filed a combined notice and "unopposed" motion ("Notice and Motion") (Dkt. No. 517) concerning Patent Harbor's motion to strike the report of Vincent Thomas (Dkt. No. 468), Defendant Funai Corporation, Inc.'s ("Funai") damages expert.

In the Notice and Motion, Patent Harbor stated it wished to withdraw the motion to strike the report "in view of the Federal Circuit's recent guidance in *LaserDynamics, Inc. v. Quanta Computer, Inc.*, Nos. 2011-1440, 2011-1470, 2012 WL 3758093 (Fed. Cir. Aug. 30, 2012), which addresses the admissibility of settlement agreements." Patent Harbor then moved for leave to withdraw the motion, which Funai did not oppose.

Patent Harbor also stated that its damages expert, Dr. Stephen Becker, will "issue a supplemental report further addressing the settlement agreements and including the Toshiba settlement agreement once it is completed and executed." Although the filing was styled as

"unopposed," Funai did *not* agree that Dr. Becker should be allowed to supplement his expert report, let alone "address[] the settlement agreements."

Despite the Federal Circuit's decision in *ResQNet.com, Inc. v. Lansa, Inc*., 594 F.3d 860, 869 (Fed. Cir. 2010), Patent Harbor and Dr. Becker refused to consider Patent Harbor's settlement agreements in setting an established royalty rate under the first *Georgia-Pacific* factor, i.e., "the royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty." *Georgia-Pacific Corp. v. United Plywood Corp*., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Indeed, Dr. Becker's report clearly stated that he did *not* consider these settlement agreements under the first *Georgia-Pacific* factor. See Becker Expert Report at 82 ("***I do not rely on Patent Harbor's settlement agreements as setting an established royalty rate***").

Now that the Federal Circuit has explained in *LaserDynamics* that a failure to consider relevant settlement agreements can render a *Georgia-Pacific* analysis unreliable, Patent Harbor intends to cure the defects of its damages report by supplementing it with a new damages theory, i.e., by considering, for the first time, Patent Harbor's settlement agreements under the first *Georgia-Pacific* factor. Funai never agreed to allow such a wholesale overhaul of Patent Harbor's damages theory this late in the case, and this Court should not allow it.

For the above reasons, Funai opposes any supplementation by Dr. Becker of his report that relies upon Patent Harbor's settlement agreements.

Dated: September 13, 2012    /s/ Kevin W. Kirsch
Harry L. Gillam, Jr. (07921800)
Gillam & Smith
303 S. Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-Mail: gil@gillamsmithlaw.com

Kevin W. Kirsch (*pro hac vice*)
David A. Mancino (*pro hac vice*)
John F. Bennett (*pro hac vice*)
Scott R. Stanley (*pro hac vice*)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3499
Facsimile: (513) 929-0303
E-Mail: kkirsch@bakerlaw.com
E-Mail: dmancino@bakerlaw.com
E-Mail: jbennett@bakerlaw.com
E-Mail: sstanley@bakerlaw.com

ATTORNEYS FOR DEFENDANT
FUNAI CORPORATION, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2012, the foregoing document was filed and/or served electronically in compliance with Local Rule CV-5(a).  Counsel who have not consented to electronic service, if any, were served with a true and correct copy of the foregoing document by facsimile transmission and/or first-class mail.

                                            /s/ John F. Bennett
                                            John F. Bennett